```
         IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                   WESTERN DIVISION
```

HELEN C. RUSHING                                           Plaintiff

v.                          4:04CV00797 GH/HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                   Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge George Howard. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and one copy of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Helen C. Rushing, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. Long v.

Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability based on systemic lupus erythematosus, a left ear hearing problem, arthritis, knee problems and sleep apnea. (Tr. 79) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that

Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 20, 2003, the date of his decision.[2]  (Tr. 20)  On June 14, 2004, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed her complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 52 years old at the time of the hearing.  (Tr. 258)  She is a high school graduate with additional vocational training.  (Tr. 85, 112, 260)  She has past relevant work as a title clerk, accounting clerk, office manager and cashier.  (Tr. 19, 20, 88-95)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in

---

[1] The Hon. Michael A. Kirkpatrick.

[2] Although the record contains medical evidence from as early as 1989, the relevant period of inquiry in this case is from Plaintiff's alleged date of onset, July 5, 2002 (Tr. 62), through the date of the ALJ's decision.  An applicant must be disabled during the pendency of his or her application.  Turley v. Sullivan, 939 F.2d 524, 527 (8th Cir. 1991).

3

substantial gainful activity. 20 C.F.R. § 404.1520(b)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. Id., § 404.1520(c). If not, benefits are denied. Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. Id., § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence. Id., § 404.1520(e). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., § 404.1520(g). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial

gainful activity since her alleged onset date, July 5, 2002. (Tr. 19)  He found that she had "severe" impairments, systemic lupus erythematosus and arthritis, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 16, 19) He judged that Plaintiff's subjective complaints were not totally credible to the extent that she contended.  (Tr. 19)

The ALJ found that Plaintiff retained the residual functional capacity for light work.  (Tr. 20)  He recognized that Plaintiff's past relevant work as a title clerk, accounting clerk, office manager and cashier did not require the performance of work-related activities precluded by her limitations, and that her impairments did not prevent her performing her past relevant work.  Id. Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff argues that the ALJ failed to properly develop the record.  (Br. 18-20)  For instance, she contends that she had "obvious" mental incapacities that were never developed.  (Br. 18) However, it is significant that Plaintiff did not allege a disabling mental impairment in her application for disability benefits, see Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993), did not offer it at the hearing as a basis for disability, Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993); see Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety) and had never sought or been referred for mental health treatment.  See Smith v. Shalala, 987 F.2d at 1375, citing Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) and Benskin v. Bowen, 830 F.2d 878, 884 (8th

5

Cir. 1987).

It is of some relevance that Plaintiff's attorney did not obtain the evidence which Plaintiff now complains is not in the record. Onstad v. Shalala, 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has not demonstrated that she was prejudiced or treated unfairly by the manner in which the ALJ did or did not develop the record. Id. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. E.g., Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the evidence was sufficient upon which to make an informed decision.

Plaintiff contends that the ALJ had a clear duty to obtain an residual functional capacity from her treating physician, but relied instead on a residual functional capacity determination by State agency physicians. (Br. 19-20)

> This court has considered and rejected Howard's argument that additional medical evidence must be produced at step 5. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995). In Anderson we noted that
>
> > [i]t was the ALJ's responsibility to determine Anderson's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and Anderson's own description of her limitations. 20 C.F.R. §§ 404.1545-46, 416.945-46. We must determine whether the record presents medical evidence of Anderson's RFC at the time of the hearing. Frankl v. Shalala, 47 F.3d 935, 937-38 (8th Cir.1995). If there is no such evidence, the ALJ's decision "cannot be said to be supported by substantial evidence." Id.
> >
> > The need for medical evidence, however, does not require the Secretary to produce additional evidence not already within the record. "[A]n

> ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." Naber v. Shalala, 22 F.3d 186, 189 (8th Cir.1994).
>
> Id. Since there was already sufficient medical evidence in the record to support the ALJ's decision, the Commissioner was not required to produce additional medical evidence at step 5.

Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

The ALJ made it clear that he based his residual functional capacity determination on the entire record. (Tr. 18) That is proper. Id. He did rely, in part, on the assessment of State agency medical consultants. (Tr. 19) State agency medical consultants are "highly qualified physicians . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider . . ." their opinions. 20 C.F.R. § 404.1527(f)(2)(i) (2003) (emphasis added).

Next, Plaintiff faults the ALJ's credibility determination. (Br. 20-24) The ALJ evaluated Plaintiff's subjective complaints in light of Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). (Tr. 16-18)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;

7

>     4. dosage, effectiveness and side effects of medication;
>
>     5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Polaski v. Heckler, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the inconsistencies in Plaintiff's statements, the lack of medical evidence in support of Plaintiff's allegations, Plaintiff's daily activities, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. See Thomas v. Sullivan, 928 F.2d 255, 259-60 (8th Cir. 1991); Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989).

In a Disability Supplemental Interview Outline dated August 12, 2002 (Tr. 113), Plaintiff indicated that she groomed without assistance; did laundry and dishes, changed sheets, ironed, vacuumed/swept, took out the trash, washed her car and raked leaves; she shopped for groceries and clothes and completed postal and banking errands (Tr. 109); she prepared ten meals a week, including sandwiches, frozen dinners, meats, vegetables, desserts and dishes

that required recipes; paid bills, used a checkbook and counted change; drove, including unfamiliar routes, walked for exercise and used public transportation; attended church, watched television, listened to the radio, read and visited friends and relatives; she played solitaire and completed puzzles (Tr. 110). In another Disability Supplemental Interview Outline completed later in the month, she indicated that she did not watch television, but made ceramics and some crafts, such as embroidering. (Tr. 97) From August of 2002 until April of 2003, she attended class for 20 hours or more a week. (Tr. 275)

She did not quit her last job because of her impairments, but rather was laid off. (Tr. 79) The decision to deny benefits is bolstered by the fact that Plaintiff received unemployment compensation during the time that she claims to have been disabled. Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997).

It appears that Plaintiff told her doctor in July of 2002 that she was in school, drawing unemployment, looking for work and walking five miles a day. (Tr. 166) At the administrative hearing, Plaintiff disputed that she had been walking five miles a day, but admitted that she was walking 20 minutes on a treadmill. (Tr. 271) Her doctor urged her to continue her activity and continue her job search. (Tr. 166)

Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged. See Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran

9

errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives); Gray v. Apfel, 192 F.3d 799, 804 (8th Cir. 1999)(plaintiff cared for himself, did household chores, drove short distance, performed other miscellaneous activities); Haggard v. Apfel, 175 F.3d 591, 594 (8th Cir. 1999)(plaintiff cooked some meals, watered flowers around house, helped wife paint, watched television, went out for dinner, occasionally drove and occasionally visited with friends); Lawrence v. Chater, 107 F.3d 674, 676 (8th Cir. 1997)(plaintiff dressed and bathed herself, did some housework, cooking and shopping); Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1995)(daily caring for one child, driving when unable to find ride and sometimes going to grocery); Nguyen v. Chater, 75 F.3d 429, 431 (8th Cir. 1995)(visiting neighbors, cooking own meals, doing own laundry and attending church); Novotny v. Chater, 72 F.3d 669, 671 (8th Cir. 1995)(carrying out garbage, carrying grocery bags, driving wife to and from work inconsistent with extreme, disabling pain); Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995)(plaintiff cooked breakfast, "sometimes" needed help with household cleaning and other chores, visited friends and relatives and attended church twice a month); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993)(plaintiff lived alone, drove, shopped for groceries and did housework with some help from neighbor).

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995).

Plaintiff has advanced other arguments, which the Court has carefully considered, and found to be without merit.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence in the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 25th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE