IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HELEN C. RUSHING                                                    PLAINTIFF

vs.                              CASE NO. **4:04CV00797 GH**

JO ANNE B. BARNHART,                                               DEFENDANT
Commissioner, Social Security Administration

## ORDER

On July 25, 2005, the Magistrate Judge issued his proposed findings and recommended disposition, recommending that the decision of the Commissioner finding that plaintiff is not disabled be affirmed. The Court has reviewed the record, and rejects the Magistrate Judge's proposed findings and recommended disposition. Rather, the Court finds that the decision of the Administrative Law Judge (ALJ) is not supported by substantial evidence and that the case should be remanded.

Plaintiff applied for Disability Insurance benefits on August 6, 2002, alleging a disability onset date of July 5, 2002 based on systemic lupus erythematosus, a left ear hearing problem, arthritis, knee problems, and sleep apnea (Tr. 79). She was denied benefits initially and on reconsideration. (Tr. 30-33). Following the denial, plaintiff requested a hearing before an ALJ. The hearing was held on April 29, 2003, at which plaintiff was represented by counsel. (Tr. 253-286) A vocational expert appeared and testified. The ALJ rendered his decision on October 30, 2003, finding that plaintiff was capable of performing her past relevant work and therefore was not disabled within the meaning of the Social Security Act (Tr. 11-20). On June 14, 2004, the Appeals Council denied plaintiff's request for review of the ALJ's decision. (Tr. 4-6). Plaintiff then filed this action.

-1-

Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). *See also Clark v. Apfel*, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Plaintiff was born on September 2, 1950 and was 52 at the time of the hearing. She is a high school graduate with additional vocational training. (Tr. 85, 112, 260). She has past relevant work as a title clerk, accounting clerk, office manager and cashier. (Tr. 19, 20, 88-95).

The ALJ found that plaintiff had severe impairments including systemic lupus erythematosus and arthritis, but that she did not have an impairment or combination of impairments that met or equaled a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4.

The ALJ found plaintiff's subjective complaints not to be fully credible to the extent alleged. (Tr. 19) The ALJ determined that plaintiff retained the residual functional capacity (RFC) for light work, that is to lift, carry, push and pull up to 20 pounds occasionally and 10 pounds frequently, as well as sit, stand, and walk for up to 6 hours each out of an 8-hour day. (Tr. 20). The ALJ found that plaintiff could perform her past relevant work as a title clerk, accounting clerk, office manager, and cashier and that she therefore was not disabled. (Tr. 20).

The Court is persuaded that the evidence in this record does not support the ALJ's conclusion that plaintiff can perform her past relevant work. Plaintiff has had a diagnosis of lupus since 1985. As a result of the disease plaintiff eventually had a cadaver kidney transplant in 1989. (Tr. 263, 266) Plaintiff was on a number of immune suppressant drugs, which she stated had adverse effects and that over the years her arthritis has gotten progressively worse. (Tr. 267-68). At the time of the

hearing she was on a number of medications, the effects of which were not even discussed by the ALJ in his decision.

In determining that plaintiff's subjective complaints were not fully credible, the ALJ cited plaintiff's ability to perform some daily activities and objective medical evidence which failed to support her testimony. (Tr. 17-18).  The medical records however, as well as plaintiff's testimony, indicate that plaintiff does suffer from pain which limits her ability to normal daily activities.  (Tr. 168-170).  She takes Imuran, a medication for joint pain (Tr.  171, 276).  Pain is a symptom of systemic lupus erythematosus.[1]   Plaintiff testified that the symptoms associated with her lupus affect her daily activities.  She is not able to squat, kneel or crawl.  She is unable to sit in a chair for more than one or two hours before she gets stiff and has to move around.  She is unable to stand  for more than an hour, and she estimated that she can walk for about 20 minutes.  (Tr. 270-272).  She stated that she could not lift more than 10 pounds.  (Tr. 279)

The ALJ, however, in reading a medical record found that plaintiff walked 5 miles a day.  Plaintiff denied this, and the medical record is equivocal at best.  Rather, the notation more likely stated that plaintiff walked 5 minutes a day (Tr. 166).

The ALJ assigned to plaintiff the RFC for a full range of light work, stating that she could stand or walk for six (6) hours out of an 8 hour day and lift 10 pounds frequently and 25 pounds occasionally.

---

[1]"Lupus is one of many disorders of the immune system known as autoimmune diseases. In autoimmune diseases, the immune system turns against parts of the body it is designed to protect. This leads to inflammation and damage to various body tissues. Lupus can affect many parts of the body, including the joints, skin, kidneys, heart, lungs, blood vessels, and brain. Although people with the disease may have many different symptoms, some of the most common ones include extreme fatigue, painful or swollen joints (arthritis), unexplained fever, skin rashes, and kidney problems."
http.www.niams.nih.gov/hi/topics/lupus/slehandout/#1Lupus_1

`

"The ALJ must determine a claimant's RFC based on all of the relevant evidence  This includes an individual's own description of [her] limitations. *Reed v. Barnhart*, 399 F. 3d 917, 922 (8ᵗʰ Cir. 2005) (citations and internal quotations omitted).  "Some medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel, ,* 245 F.3d 700, 704 (8ᵗʰ Cir. 2001)

Here, the only "medical evidence" supporting the ALJ's conclusion is an RFC checklist which was wholly inadequate. ( Tr. 185-192).  Indeed, the physician merely checked the categories and did not even attempt to describe how the evidence substantiated his conclusions as required by the form  "Residual functional capacity checklists, though admissible, are entitled to little weight in the evaluation of a disability."  *Taylor v. Chater*, 118 F. 3d 1274, 1279 (8ᵗʰ Cir. 1997).   In this instance the  RFC checklist is so wholly lacking that it cannot be given any weight.

A vocational expert (VE) testified at the hearing that plaintiff past work  was sedentary (Tr. 280-281).   He found that a hypothetical person with the same chronological, vocational and educational background as plaintiff who could perform light work could return to all of her past relevant work.  The VE found that if this person had to recline or lie down with her feet up for four to five hours per day, as plaintiff testified she had to do, this would eliminate all past relevant work and all other jobs in the economy.  (Tr. 282, 283).  The VE also found that a hypothetical person with the same background as plaintiff who could lift less than 10 pounds, walk for 20 minutes, stand for no more than an hour at a time, and sit for about two hours at a time, unable to crawl, climb, crouch or knee, and that person would be unable to perform detailed or complex tasks or to maintain a consistent pace without an unreasonable number and length of rest periods could not perform any jobs in the economy.  (Tr. 283).

There is not substantial evidence in the record to support the ALJ's conclusion that plaintiff can return to her past relevant work.  The Court finds that the ALJ did not properly consider plaintiff's impairments, particularly plaintiff's subjective complaints,  and properly evaluate her RFC.  The Court, however, cannot find that plaintiff is entitled to benefits but finds that a remand, therefore, is necessary for the ALJ to properly develop whether plaintiff can return to her past relevant work.  Should plaintiff  meet her burden of establishing that she is unable to perform her past relevant work, then the burden will shift to the Commissioner to demonstrate that there are jobs in the national economy that she can perform.

THEREFORE, the Court reverses the decision of the Commissioner and remands the case to the Commissioner with instructions to conduct further proceedings consistent with this Order.  This is a sentence-four remand.

IT IS SO ORDERED this 2nd day of September, 2005.


*George Howard, Jr.*

UNITED STATES DISTRICT JUDGE